**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

Juanita Moses,                                    :
                                                  :  Civil Action No.: _____
                        Plaintiff,                :
                                                  :
          v.                                      :
                                                  :
First Premier Bank,                               :
                                                  :  **COMPLAINT**
                                                  :
                        Defendant.                :
                                                  :
                                                  :

---

For this Complaint, the Plaintiff, Juanita Moses, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.      The Plaintiff, Juanita Moses ("Plaintiff"), is an adult individual residing in Morrisville, Pennsylvania, and is a "person" as defined by 47 U.S.C.A § 153(39).

4.      The Defendant, First Premier Bank ("FPB"), is a South Dakota business entity with an address of 601 South Minnesota Avenue, Sioux Falls, South Dakota  57104-4824, and is a "person" as defined by 47 U.S.C.A § 153(39).

## FACTS

5.      Beginning on or around October 19, 2013, Defendant started calling Plaintiff's cellular telephone twice daily.

6.      At all times mentioned herein, Defendant contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7.      Plaintiff has no prior relationship with Defendant and never provided her consent to be contacted by means of an automated system on her cellular telephone.

8.      When she answered the ATDS calls, Plaintiff experienced a period of silence only after which a live representative from Defendant came on the line.

9.      On each call, Defendant stated it was attempting to contact Tito Moses, the Plaintiff's son.

10.     During the initial conversation and at least one additional conversation thereafter, Plaintiff informed Defendant that her son could not be reached at her number.  In response, Defendant requested Plaintiff tell her son to pay his bill.

11.     Additionally, Plaintiffs requested Defendant cease calling her cellular phone as her son could not be reached there.

12.     Nonetheless, Defendant proceeded to place ATDS calls to Plaintiff's cellular phone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

16.     Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiff, she was met with a period of silence before Defendant's telephone system would connect her to live person.

17.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant on multiple occasions to stop all calls to her and cease calling her cellular telephone.

19.     Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times by Plaintiff that her son could not be reached at her number and

knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

20.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

23.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

24.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

27.     The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

28.     As a result of the Defendant's violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.  Statutory damages pursuant to 73 P.S. § 2270.5(c);

4.  Actual damages pursuant to 73 P.S. § 201-9.2(a);

5.  Statutory damages pursuant to 73 P.S. § 201-9.2(a);

6.  Treble damages pursuant to 73 P.S. § 201-9.2(a); and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 14, 2014

Respectfully submitted,

By /s/ JBB8445

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

5